**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 24-4631

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

RASHAD JAMAL BLANCHARD,

Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte. Robert J. Conrad, Jr., District Judge. (3:23-cr-00120-RJC-SCR-1)

Submitted: June 25, 2026                                    Decided: June 29, 2026

Before BENJAMIN and BERNER, Circuit Judges, and TRAXLER, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

**ON BRIEF:** Jennifer Coulter, COULTER LAW OFFICE, Charlotte, North Carolina, for Appellant. Amy Elizabeth Ray, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Asheville, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Rashad Jamal Blanchard pled guilty, pursuant to a written plea agreement, to possession with intent to distribute at least 50 grams of actual methamphetamine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A). The district court imposed a below-Guidelines sentence of 240 months' imprisonment, to be followed by five years of supervised release. On appeal, Blanchard's counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), asserting that there are no meritorious grounds for appeal but questioning whether Blanchard knowingly and voluntarily waived his right to appeal and whether his below-Guidelines sentence is substantively reasonable.[1] Specifically, counsel argues that the district court should have imposed a downward variant sentence of 180 months, instead of 240 months. Although informed of his right to do so, Blanchard has not filed a pro se supplemental brief.

"We review the reasonableness of a sentence under 18 U.S.C. § 3553(a) using an abuse-of-discretion standard." *United States v. Nance*, 957 F.3d 204, 212 (4th Cir. 2020). We must first "evaluate procedural reasonableness, determining whether the district court committed any procedural error, such as improperly calculating the [Sentencing] Guidelines range, failing to consider the § 3553(a) factors, or failing to adequately explain the chosen sentence." *Id.* (citing *Gall v. United States*, 552 U.S. 38, 51 (2007)). If "the district court has not committed procedural error," we then assess the substantive

---

[1] Because the Government has not sought to enforce the appellate waiver, the waiver does not preclude our review of Blanchard's sentence. *See United States v. Kim*, 71 F.4th 155, 162 n.4 (4th Cir. 2023).

reasonableness of the sentence. *Id.* Substantive reasonableness review "takes into account the totality of the circumstances to determine whether the sentencing court abused its discretion in concluding that the sentence it chose satisfied the standards set forth in § 3553(a)." *Id.* (internal quotation marks omitted). "Any sentence that is within or below a properly calculated Guidelines range is presumptively [substantively] reasonable." *United States v. Louthian*, 756 F.3d 295, 306 (4th Cir. 2014). "Such a presumption can only be rebutted by showing that the sentence is unreasonable when measured against the 18 U.S.C. § 3553(a) factors." *Id.*

With respect to the procedural reasonableness of Blanchard's sentence, the district court correctly calculated the Guidelines range, considered the parties' arguments and Blanchard's individualized circumstances, allowed Blanchard to allocute, and explained why the chosen sentence was appropriate. Thus, Blanchard's sentence is procedurally reasonable.

Turning to substantive reasonableness, the district court explained that the sentence was necessary considering the seriousness of Blanchard's offense and his increasingly violent criminal history. Moreover, the court found that Blanchard contradicted the usual recidivism statistics, noting that he had been committing increasingly serious and violent crimes as he got older—from carjacking, to felon in possession of a firearm, to bank robbery. We thus conclude that Blanchard fails to rebut the presumption of reasonableness accorded his below-Guidelines sentence.

3

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious grounds for appeal.[2]   We therefore affirm the district court's judgment.  This court requires that counsel inform Blanchard, in writing, of the right to petition the Supreme Court of the United States for further review.  If Blanchard requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on Blanchard.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

---

[2] We note that we considered whether the district court committed any error in violation of our *United States v. Rogers*, 961 F.3d 291 (4th Cir. 2020), jurisprudence, and we concluded that there was no *Rogers* error in this case.  In particular, although the written judgment contained additional language in the special supervised release condition related to mental health treatment that was not stated in the oral sentence, we concluded there was no material discrepancy between the written judgment and the oral pronouncement.  The added language did not impose any additional obligation on Blanchard but rather clarified details that reasonably could be expected to flow from the oral pronouncement.  *See, e.g.*, *United States v. Aborisade*, 163 F.4th 856, 866 (4th Cir. 2026); *United States v. Mathis*, 103 F.4th 193, 198 (4th Cir. 2024).